IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PATRICK LAFATA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br><br>　　　　Defendant. | CV-23-004-BU-JTJ<br><br>ORDER |

　　　　The Court conducted a hearing on the Parties' various motions in limine on June 20, 2024. For the reasons stated in open court,

　　　　IT IS ORDERED:

　　　　A.　Joint motions in limine 1-4 (Docs. 39 and 40) to:

　　　　1.　Exclude evidence or suggestion of liability insurance;

　　　　2.　Exclude witnesses under Rule 615(a), including advising an excluded witness about the substance of any other witness' testimony by a party or the party's attorneys or representatives;

　　　　3.　Exclude any expert testimony that is incomplete, deficient or undisclosed;

    4.    Exclude evidence, argument, comment or testimony regarding the necessity and amount of the Plaintiff's future medical expenses, care and treatment;

are **GRANTED**.

    **B.**    Plaintiff's motions in limine 1-6 (Doc. 41) to:

    1.    Exclude testimony of Defendant's expert, Dr. Morgenstern is **DENIED**.

    2.    Exclude testimony of Plaintiff's methamphetamine use is **DENIED.**

    3.    Exclude Dr. Morgenstern testimony regarding:

        a.  That Plaintiff suffers from anti-social personality disorder is unopposed and therefore **GRANTED.**

        b.  That Plaintiff suffers from Carpal tunnel syndrome is **DENIED**.

        c.  That Plaintiff is a liar is **GRANTED**.  However, Dr. Morgenstern is allowed to testify about inconsistencies in Plaintiff's statements to others about the incident forming the basis for his claim against the Defendant or his injuries and damages, if these inconsistencies are identified and disclosed in

his expert report as a basis for any of his opinions disclosed in his expert report.

4. Exclude testimony regarding Plaintiff's motives for litigation and invectives against litigation is **GRANTED.** However, Defendant can argue the Plaintiff's damage request is unreasonable and/or not supported by the evidence.

5. Exclude evidence implying Plaintiff is malingering or extending treatment or overstating his injuries for the purpose of secondary gain is **GRANTED.** However, Defendant can challenge the Plaintiff's claims as being unreasonable and not supported by the evidence.

6. Limit testimony of Defendant's safety expert, John Droge to:

   a. Not be allowed to testify about the diagnosis and treatment of Plaintiff's injures is unopposed and therefore **GRANTED**.

   b. Not be allowed to testify about ANSI or OSHA standards is **DENIED**. Upon agreement of parties, both parties are allowed to have their safety experts testify about these standards provided whatever standards they intend to testify about were disclosed in the expert witness disclosures.

    **C.**    Defendant's motion in limine to limit or exclude expert testimony (Doc. 42) to:

    1.    Exclude testimony from Plaintiff's economic expert is unopposed and therefore **GRANTED**.

    2.    Exclude expert testimony regarding the sufficiency of Walmart's investigation is **RESERVED** until time of trial.

    3.    Exclude expert testimony related to what Plaintiff saw, heard or perceived at the time of trial is **RESERVED** until time of trial.

    4.    Exclude expert testimony regarding Plaintiff's movements, rate of speed or forces involved is unopposed and therefore **GRANTED**.

    5.    Exclude Plaintiff's safety expert from testifying about what caused the door to malfunction is **RESERVED** until time of trial.

    6.    Exclude Plaintiff's safety expert from testifying about OSHA standards is **DENIED**.  Upon agreement of parties, both parties are allowed to have their safety experts testify about these standards provided whatever standards they intend to testify about were disclosed in the expert witness disclosures.

    **D.**    Defendant's motion in limine to exclude evidence of loss of income or earnings related to sale of necklaces (Doc. 43) is unopposed and therefore **GRANTED**.

**E.** Defendant's motion in limine to exclude evidence regarding shoulder injuries and vision loss (Doc. 48) is **DENIED IN PART AND GRANTED IN PART**.

The Defendant's motion in limine regarding Plaintiff's shoulder injury is **DENIED** to the extent that the Plaintiff will be allowed to testify regarding the pain and discomfort he suffered to his shoulder as a result of the fall. However, Plaintiff is precluded from offering any evidence of medical care and treatment related to his shoulder or offering any evidence of reasonable and necessary costs of receiving medical treatment for his shoulder or offering any evidence of future medical treatment related to his shoulder. Plaintiff has conceded that he will not offer any evidence related to his vision loss and therefore that part of Defendant's motion in limine is **GRANTED**.

F. Defendant's motion in limine to exclude evidence or argument about safety of the community or sending a message to Defendant (Doc. 45) is **GRANTED** in part and **RESERVED** in part. Evidence or argument to the jury concerning sending a message to WalMart is excluded and that part of motion is **GRANTED**. Evidence related to "community safety" is **RESERVED** until time of trial.

DATED this 20th day of June 2024.

/s/ John Johnston
John Johnston
United States Magistrate Judge